ADOLFO SAAVEDRA SOLÁ ET AL., demandantes y apelados, *v.* AUGUSTO SAAVEDRA RIQUELME ET AL., demandados y apelantes.

Núm. 7553.—*Sometido:* Julio 19, 1937. *Resuelto:* Julio 23, 1937.

73

*José Sabater*, abogado de los apelantes; *R. Martínez Nadal, M. A. García Méndez* y *Carlos García Méndez*, abogados de los apelados.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

La sentencia recurrida fué dictada por la Corte de Distrito de Mayagüez el 31 de octubre de 1934. Por ella se condena a los demandados a otorgar escritura de venta a favor de los demandantes de una finca de 150.655 cuerdas, a endosar a favor de los mismos un certificado de acciones y a pagar a los demandantes la suma de $3,783.62, más intereses legales hasta la fecha del pago.

El escrito de apelación fué radicado en noviembre 30 de 1934, y en esa misma fecha los demandados apelantes pidieron a la corte de distrito que ordenara al taquígrafo la preparación de la transcripción de la evidencia en que había de basarse el recurso. Así lo ordenó la corte en 10 de diciembre de 1934. Desde esa fecha hasta el 31 de agosto de 1936, el término legal fué prorrogado por órdenes dictadas por la corte inferior a instancias de los apelantes.

Los demandantes apelados solicitan ahora la desestimación del recurso por los fundamentos siguientes:

1. Porque ha transcurrido con exceso el término legal de treinta días para la radicación de la transcripción de autos, sin que se haya radicado hasta la fecha en que se presentó la moción de desestimación.
2. Porque ha expirado el término de 90 días desde que se radicó el escrito de apelación, sin que se haya registrado dicha apelación ante esta Corte Suprema, pudiendo este

Tribunal en uso de su discreción desestimar el recurso, el que ha sido proseguido negligentemente, de mala fe y con el único propósito de dilatar la ejecución de la sentencia.

3. Porque la última prórroga concedida por la Corte de Distrito venció en agosto 31, 1936, sin que hasta la fecha se haya solicitado término otro alguno de prórroga, habiendo dejado de actuar el apelante sin excusa alguna por espacio de más de nueve meses.

4. Porque la apelación es frívola y académica toda vez que la finca envuelta en este litigio fué adjudicada al Federal Land Bank of Baltimore en virtud de un procedimiento ejecutivo seguido por dicho banco para hacer efectivo un crédito hipotecario a su favor.

En su escrito de oposición a la desestimación solicitada y para excusar su aparente falta de diligencia en la prosecución del recurso, los demandados apelantes alegan:

Que después de haberse expedido la orden para que el taquígrafo preparase la transcripción de la evidencia, los apelantes pagaron a dicho taquígrafo $125 a cuenta de los $150 convenidos como precio del trabajo, ofreciendo pagarle los $25 restantes cuando estuviese lista la transcripción; que habiéndose negado el taquígrafo a hacer el trabajo, a pesar de las prórrogas obtenidas por los apelantes y de habérsele pagado casi la totalidad de sus honorarios, los apelantes solicitaron de la corte de distrito que tomara las medidas coercitivas necesarias para obligar al taquígrafo a cumplir con su deber, sin haberlo logrado; que a instancias de los apelantes la corte de distrito requirió al taquígrafo para que expusiera los motivos que tenía para no preparar la transcripción, sin que el taquígrafo haya contestado nada ni se haya hecho nada por la corte de distrito para hacer respetar sus órdenes; que los apelantes se han quejado al Procurador General de Puerto Rico de la falta del cumplimiento del deber por parte del taquígrafo de dicha corte; que el Procurador General se ha dirigido al juez que preside dicha corte de distrito, para que

éste obligue al taquígrafo a cumplir con su deber de preparar la transcripción de evidencia, y que todos esos esfuerzos han resultado infructuosos porque el taquígrafo se niega en absoluto a preparar la transcripción; y que los demandados han hecho uso de todos los medios a su alcance para perfeccionar su apelación, sin resultado alguno.

En apoyo de su escrito de oposición los demandados han radicado una certificación del secretario de la corte de distrito, en la que se hacen constar las solicitudes de prórrogas presentadas por los apelantes. La última solicitud fué radicada en agosto 31 de 1936. En ella se pide una nueva prórroga de treinta días y se solicita de la corte que tome medidas para obligar al taquígrafo a cumplir su deber. El juez de distrito dictó la orden requiriendo al taquígrafo en estos términos:

"Requiérase al taquígrafo de esta Corte para que explique los motivos de no haber preparado la transcripción de evidencia en este caso, si alguno tuviere, después de lo cual se proveerá. Mayagüez, 2 de septiembre de 1936."

Desde la fecha en que se dictó dicha orden el taquígrafo no ha dado explicación alguna a la corte, ni ésta ha dictado resolución alguna en cuanto a la prórroga solicitada por los apelantes.

En el acto de la vista los abogados de ambas partes litigantes informaron a este tribunal que no es éste el único caso en que el taquígrafo de la Corte de Distrito de Mayagüez ha observado una conducta tan censurable como la que se le imputa en este caso, y se refirieron específicamente a un caso en que el abogado de los apelantes lo era el de los apelados en el de autos.

En los casos citados por los apelados en apoyo de su moción de desestimación, los recursos fueron desestimados por abandono por no haber comparecido los apelantes a oponerse a la desestimación y no haber presentado excusas válidas para justificar su falta de actuación. En el caso de autos las

excusas ofrecidas por los apelantes son a nuestro juicio válidas y suficientes.

Los hechos que hemos expuesto y que no han sido controvertidos por los promoventes, revelan la existencia en la Corte de Distrito de Mayagüez de una situación anormal e intolerable, que no debemos dejar pasar sin nuestra más severa censura. La rápida y ordenada administración de justicia a que tienen derecho las partes litigantes y los intereses de las mismas no pueden estar a merced de las conveniencias o caprichos injustificados de funcionarios subalternos de las cortes de justicia, a quienes la ley impone deberes que deben ser cumplidos con lealtad y prontitud. En el caso de autos, el taquígrafo de la Corte de Distrito de Mayagüez, funcionario público a quien la ley impone el deber de preparar la transcripción de la evidencia cuando la corte se lo ordene, no obstante haber percibido casi la totalidad de sus honorarios, se ha negado sin excusa o justificación alguna a transcribir la evidencia y desde el día 10 de diciembre de 1934 hasta la fecha, o sea durante dos años y siete meses, ha estado obstruyendo y obstaculizando la tramitación del presente recurso. La corte sentenciadora, que es la llamada a velar por el fiel cumplimiento de sus deberes por parte de los funcionarios subalternos que actúan bajo su dirección, nada o muy poco ha hecho para obligar al taquígrafo a cumplir con su deber, no obstante haberse llamado su atención hacia los hechos que ahora se someten a la nuestra. La orden de 2 de septiembre de 1936, por la que se requiere al taquígrafo para que explique los motivos de su tardanza, sin fijarle término dentro del cual deba rendir su informe al tribunal, fué desatendida e ignorada por el taquígrafo a quien fué dirigida, sin que el magistrado que la expidiera se haya ocupado de tomar las medidas que era su deber tomar para hacer valer y respetar sus órdenes.

La conducta injustificada por parte del taquígrafo y la inacción de la corte inferior no son ni pueden ser imputables a los apelantes.

■ Este tribunal carece de medios para poder determinar si la apelación interpuesta es o no frívola, no teniendo ante sí ni la transcripción de autos ni la de evidencia.

Por las razones expuestas *debe declararse sin lugar la moción de desestimación* y concederse a los apelantes hasta el día 15 de septiembre de 1937 para radicar en la Secretaría de esta Corte Suprema la transcripción de la evidencia y los demás documentos que fueren necesarios para perfeccionar su apelación.

Copia de esta opinión debe ser enviada por el secretario de esta Corte Suprema a la corte inferior con la recomendación de que por dicha corte se requiera al taquígrafo de la misma para que proceda sin nuevas excusas o dilaciones a preparar y radicar la transcripción de la evidencia en este caso, en o antes del día 1º. de septiembre de 1937, con apercibimiento a dicho funcionario de que la falta de cumplimiento de tal orden será considerada como desacato.

El Juez Asociado Señor Córdova Dávila no intervino.